## In re PEPSICO, INC., BOTTLED WATER MARKETING AND SALES PRACTICES LITIGATION.

### MDL No. 1903.

United States Judicial Panel on Multidistrict Litigation.

Feb. 14, 2008.

---

\* Judge Motz took no part in the disposition of this matter.

**1.** The Panel has been notified of one additional related action, which is pending in the

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Defendants PepsiCo, Inc., and the Pepsi Bottling Group, Inc. (collectively Pepsi) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of New York. This litigation currently consists of four actions, two pending in that district and one each in the Western District of Tennessee and the Southern District of Texas, as listed on Schedule A.[1] No responding party opposes the motion.

Eastern District of California. That action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4

After considering the argument of counsel, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of these actions arise from allegations that Pepsi misled consumers of its Aquafina bottled water into believing that the water source of Aquafina was something different from and better than tap water. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee district for pretrial proceedings in this litigation, because two of the four actions are already pending there and, by centralizing them before Judge Charles L. Brieant, we are assigning the litigation to a jurist who has the experience to steer it on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles L. Brieant for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 1903 — **IN RE: PEPSICO, INC., BOTTLED WATER MARKETING AND SALES PRACTICES LITIGATION**

*Southern District of New York*

Brian Fielman v. PepsiCo, Inc., et al., C.A. No. 7:07–6815

and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36

Carmen Collado v. PepsiCo, Inc., et al., C.A. No. 7:07–6874

*Western District of Tennessee*

Stacey Anderson, et al. v. PepsiCo, Inc., et al., C.A. No. 2:07–2514

*Southern District of Texas*

Christina Villa, et al. v. PepsiCo, Inc., et al., C.A. No. 4:07–3060